## IN THE DISTRICT COURT OF IOWA FOR POLK COUNTY

| | |
|---|---|
| KHY'LA WILLIAMS and KIMBERLY WILLIAMS on behalf of her minor child K.W.<br><br>        Plaintiff,<br><br>vs.<br><br>DES MOINES AREA REGIONAL TRANSIT, CITY OF DES MOINES, IOWA, and GREG WESSELS, individually and in his official capacity as a law enforcement officer with the Des Moines Police Department.<br><br>        Defendants. | Case No:<br><br><br><br><br><br>**PETITION AT LAW<br>AND JURY DEMAND** |

COMES NOW, the Plaintiffs Khy'La Williams and Kimberly Williams on behalf of her minor child K.W., by and through the undersigned attorneys, and for their cause of action against Defendants states as follows:

## INTRODUCTION

1. This is an action challenging Defendants' discriminatory and illegal behavior against Khy'La Williams and Kimberly Williams on behalf of her minor child K.W. under Federal and Iowa Law.

2. On February 28, 2018, seventeen-year-old Khy'La Williams and fourteen-year-old K.W. were awaiting their Des Moines Area Regional Transit ("DART") bus to transport them home from school when they were abruptly told they had to leave the bus station enclosure and go outside in the cold weather.

3. Sergeant Greg Wessels then used his police power to improperly target two minor African American children.

1

4. Sergeant Wessels sprayed mace directly in Khy'La's face and then proceeded to pick her up and body slam her to the ground. Sergeant Wessels arrested both minor children and forced them to spend a night in juvenile detention for simply trying to get to their bus to go home.

5. Officer Wessels has a propensity to target African Americans and use excessive force when coming into contact with minority members of the community.

6. This is a civil action under 42 U.S.C. § 1983, the Iowa Civil Rights Act ("ICRA"), and the Iowa Municipal Tort Claims Act.

7. Plaintiffs seek damages from Defendants DART, City of Des Moines, Iowa and City of Des Moines Police Officer Wessels depriving Plaintiffs of their rights under the Fourth and Fourteenth Amendments to the United States Constitution and Iowa law. Plaintiffs also seek damages for Defendants violations of the ICRA in the form of compensatory damages and attorney fees. Plaintiffs also seek attorney fees pursuant to 42 U.S.C. § 1988.

**PARTIES**

8. Plaintiff Khy'La Williams ("Khy'La") is eighteen years of age and was a minor at the time of the incident and is a resident of Des Moines, Polk County, Iowa.

9. Plaintiff Kimberly Williams is the guardian of K.W., who was 14 years old at the time of the incident and is a resident of Des Moines, Polk County, Iowa.

10. Defendant Des Moines Area Regional Transportation (DART) is a tax-supported public transportation provider located in Polk County, Iowa.

11. Defendant City of Des Moines, Iowa ("City") is a political subdivision of the State of Iowa. The City is a municipal corporation, organized and existing under Iowa law and its principal office is located at 400 East First Street, Des Moines, Polk County, Iowa.

12. The City is responsible for operating and maintaining the Des Moines Police Department ("DMPD").

13. Defendant Greg Wessels ("Sergeant Wessels") is believed to be a resident of the State of Iowa. At all times relevant to the time of the incident Sergeant Wessels was an Iowa-certified peace officer, employed by the City.

14. All Sergeant Wessel's acts set forth in this complaint were done under the color of law and Sergeant Wessels is sued in his individual capacity.

15. At all times referred to herein, the individual Defendant was acting within the scope of his employment or duties as law enforcement officers for the City.

16. The acts of which Plaintiffs complain occurred in Des Moines, Polk County, Iowa.

## PROCEDURAL REQUIREMENTS

17. On or about November 27, 2018, Plaintiffs timely filed a complaint of discrimination against Defendants with the Iowa Civil Rights Commission.

18. On or about September 9, 2012, within 90 days of filing this petition, Plaintiffs received an administrative release ("right-to-sue-letter") from the Iowa Civil Rights Commission regarding their claims against DMPD.

19. On or about September 17, 2019, within 90 days of filing this petition, Plaintiffs received an administrative release ("right-to-sue-letter") from the Iowa Civil Rights Commission regarding their claims against DART.

## FACTS

**February 2018 Assault and Arrest Incident**

20. On Wednesday, February 28, 2018, Khy'La and K.W. were riding the bus home from school.

3

21. Khy'La Williams was seventeen years old at the time.

22. K.W. was fourteen years old at the time.

23. Khy'La Williams and K.W. are both African American.

24. Some students within the Des Moines Public School District are assigned to use DART as their transportation to and from school instead of traditional school bussing.

25. Des Moines Public School District has a contract with DART to provide bussing to and from Des Moines School in lieu of traditional yellow school buses.

26. The students who are assigned to ride a DART bus do not have another option for bussing to or from school.

27. Khy'La Williams and K.W. are students through the Des Moines Public School District who were assigned to use DART.

28. On the day in question a DART employee heard a rumor that a fight might happen at the DART station downtown on Cherry Street in Des Moines.

29. On Wednesdays, the schools all let out early and all at the same time.

30. This results in all of the students being at the DART station at the same time waiting for transfer busses.

31. Khy'La and K.W. were waiting for their bus at a DART stop along with many other students from school.

32. Though there were many students waiting for the busses, no students were fighting or behaving in a way that rose to a level of concern.

33. Nevertheless, upon information and belief, the DART employee called the Des Moines Police Department to come diffuse any potential risk.

4

34. Sergeant Wessels was at the DART station, in uniform, with his body camera on his person.

35. DART allowed him to take control over the students and their transportation requirements.

36. Sergeant Wessels and another DART employee (name unknown) began screaming at the students to sit down.

37. Because there were not enough seats for each student, Sergeant Wessels demanded the students sit on the ground.

38. When there were still too many students, Sergeant Wessels and the DART employee began telling students they needed to go outside and leave, even though it was cold and windy outside.

39. These students were looking for places to try and comply with Sergeant Wessels's orders.

40. These students were not causing any trouble.

41. Khy'La Williams and K.W. were in this group of students who were told to leave.

42. Khy'La tried explaining to Sergeant Wessels she still needed to board her transfer bus from school.

43. Sergeant Wessels ignored her explanation and demanded she leave the area.

44. Sergeant Wessels offered no alternative for students to get home or to work.

45. Khy'La and K.W. were faced with the options of missing their transportation or trying to explain to Sergeant Wessels how important it was they be allowed to wait for their bus.

46. Khy'La again explained she could not leave because she needed to be able to board the bus when it arrived.

47. Sergeant Wessels's aggression escalated, and he began pushing her away from the busses.

48. Khy'La told Sergeant Wessels to stop touching her.

49. Khy'La kept trying to get to her bus.

50. Sergeant Wessels kept pushing Khy'La away from the busses.

51. Sergeant Wessels made many rude comments to Khy'La and her peers, including calling her a bitch.

52. Khy'La's friend, Aaron—an African American male—stepped in trying to explain they were only trying to get to the bus and they did not want any trouble.

53. Sergeant Wessels shoved Aaron out of the way.

54. Khy'La became upset with Sergeant Wessels and yelled at him.

55. Sergeant Wessels grabbed Khy'La's arm.

56. Khy'La began to turn away to get away from Sergeant Wessels's force and aggression.

57. Sergeant Wessels responded by stepping on Khy'La's foot.

58. Sergeant Wessels launched towards Khy'La.

59. Khy'La stepped out of the way.

60. Sergeant Wessels's anger grew.

61. Sergeant Wessels then pulled out his mace and sprayed mace directly in Khy'La's face from only inches away.

62. The DART employee merely stood by and allowed a student under DART's charge to be assaulted.

63. Khy'La was shocked and started screaming from the horrible pain of the mace being sprayed directly in her eyes.

64. She was not making any attempts to escape or even move.

65. Even though Khy'La was a small, seventeen-year-old girl who posed no threat to Sergeant Wessels or anyone else in the area, Sergeant Wessels proceeded to pick Khy'La up and threw her to the ground.

66. Once she was on the ground, still in pain from the mace, Sergeant Wessels placed Khy'La under arrest claiming.

67. Sergeant Wessels's assault resulted in Khy'La suffering bruised ribs, bruised wrists and an abrasion near her eye.

68. K.W. was forced to watch Sergeant Wessels's attack on her sister Khy'La.

69. K.W. wanted to help her sister but was encouraged not to by Aaron out of fear the same thing would happen to her.

70. Khy'La and K.W. were both arrested for trespassing on DART property—property they not only had a legal right to be on but also were assigned to be on by Des Moines Public Schools.

71. Khy'La and K.W. were held in custody at Meyer Hall Juvenile Detention Center from approximately 3:00 pm February 21 to 9:00 a.m. February 22, 2018.

72. Meyer Hall is required to hold children who are brought in by police until the facility is able to talk to a juvenile court officer to secure release for the child.

73. Meyer Hall cannot contact the juvenile court officer until they receive a case report from the police officer on the case—here Sergeant Wessels, and there are no juvenile court officers available after 11 p.m.

74. Sergeant Wessels and DMPD are well aware of this process for children brought to Meyer Hall.

75. However, rather than provide the case report immediately, Sergeant Wessels deliberately submitted the paperwork to process Khy'La and K.W. at approximately 11:15 p.m.; 15 minutes after the deadline, forcing both girls to stay in Meyer Hall overnight without any justification

76. This is not the first time Sergeant Wessels has used excessive force and retaliated against African Americans and women.

77. Sergeant Wessels has been cited for excessive force many times.

78. In 2013 Sergeant Wessels violated the Des Moines Police Department's policy in using deadly force when he shot at a car.

79. Sergeant Wessels remained on duty.

80. In 2018, Des Moines payed $800,000 in a settlement in a 2013 attack involving excessive force and false arrest against a victim who was sticking up for a woman that Sergeant Wessels was abusing while on duty.

81. Sergeant Wessels remained on duty.

82. Upon information and belief, Sergeant Wessels has had multiple incidents of police misconduct including excessive force, racial profiling, and false arrest.

83. Even in light of his previous conduct and actions against Khy'La Williams, Sergeant Wessels remains on duty as an active Sergeant of the Des Moines Police Department.

**August 2018 Incident on DART Bus**

84. On or about August 19, 2018, K.W. was sitting on her DART school bus waiting for it to depart.

85. As she was sitting there, two individuals ran across the platform and came onto the bus.

86. One person was an African American male and the other person was a Latina woman.

87. Both individuals were much older than K.W.

88. A DART employee came onto the bus and yelled at the two old kids for doing this.

89. The DART employee was the same DART employee involved in the events in February 21, 2018.

90. The DART employee then marched to the back of the bus towards K.W.

91. The DART employee yelled and berated K.W.

92. The DART employee screamed at K.W. he was going to kick her off the bus.

93. The DART employee told K.W. the next time she runs across the platform she is going to have to leave DART.

94. K.W. was upset because she was on the bus during the incident and the DART employee knew this.

95. The DART employee targeted K.W. because of her race and harassed her based on her race and the incident that occurred a few months prior.

96. Several DART employees have a pattern and practice of discriminating against individuals based on race in denying services and in employment matters.

97. There are several instances that Plaintiffs are aware of where African Americans have alleged that they have been discriminated against based on their race by DART.

98. Additionally, Plaintiffs are aware that Africa Americans are targeted and watched when they are inside the DART station where Caucasians are not targeted and watched.

## COUNT I
### LIABILITY OF DEFENDANT WESSELS FOR FALSE ARREST, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

99. Plaintiffs reallege all other paragraphs set forth in this petition as if fully set forth herein.

100. Khy'La Williams and K.W. were on DART's property to use a service assigned to them by the Des Moines Public School district with the permission of DART.

101. When Khy'La Williams attempted to explain that invitation, Sergeant Wessels ignored it and assaulted her.

102. When Khy'La Williams tried to leave the area to board her school bus Sergeant Wessels arrested her for trespassing.

103. K.W.'s right to be on DART's property mirrors Khy'La's right.

104. Sergeant Wessels knew or should have known they had a right to be on that property.

105. Sergeant Wessels arrested Khy'La Williams and K.W. without probable cause or reasonable basis to believe that either were trespassing.

106. Khy'La Williams and K.W. have clearly established a right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure of their persons (false arrest).

107. Defendant Sergeant Wessels willfully and unlawfully and under color of legal authority, illegally arrested and permitted the illegal and false arrest and detention of Plaintiffs Khy'La Williams and K.W. against their will without due and legal process.

108. As a result of the illegal and false arrest and the unlawful trespass, Defendant Sergeant Wessels caused plaintiffs grievous personal injury, loss of freedom, physical and mental pain and loss of companionship. Plaintiffs are therefore entitled to monetary relief.

109. Because Defendant Sergeant Wessels's actions were deliberate, reckless and wanton, plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount which will fully and fairly compensate them for their injuries and damages, attorneys' fees, punitive damages, for interest and costs as allowed by law, and for such further relief as is just.

## COUNT II
### LIABILITY OF DEFENDANT WESSELS FOR EXCESSIVE FORCE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

110. Plaintiff Khy'La realleges all other paragraphs set forth in this petition as if fully set forth herein.

111. Sergeant Wessels shoved the Plaintiff Khy'La Williams.

112. Sergeant Wessels stepped on Khy'La Williams' foot.

113. Sergeant Wessels grabbed Khy'La Williams' arms.

114. Sergeant Wessels sprayed mace in Khy'La Williams' eyes.

115. Sergeant Wessels heard Khy'La Williams scream and observed her hunched over.

116. Khy'La Williams was making no attempt to leave or escape when Sergeant Wessels grabbed her and threw her to the ground.

117. The conduct alleged in this Complaint violated clearly established federal and state protected rights of which every reasonably competent official in Defendants' respective positions

would have or should have been aware. As to Defendants' actions and omissions toward Plaintiff Khy'La, there was no objectively reasonable reliance on existing law.

118. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . .

119. Plaintiff Khy'La is a citizen of the United States and Sergeant Wessels to this claim is a person for purposes of 42 U.S.C. § 1983.

120. Sergeant Wessels, at all times relevant hereto, was acting under the color of state law in his capacity as City of Des Moines police officer and his acts or omissions were conducted within the scope of his official duties or employment.

121. At the time of the complained of events, Plaintiff Khy'La had a clearly established Constitutional right under the Fourth Amendment to be secure in her person from excessive force.

122. Plaintiff Khy'La also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

123. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

124. Sergeant Wessels is not entitled to qualified immunity for the complained of conduct.

125. Sergeant Wessels at all times relevant to this claim was acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in his actions pertaining to Plaintiff Khy'La.

126. Sergeant Wessels's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiff's Fourth Amendment rights.

127. Sergeant Wessels engaged in actions and use of force, as described herein, were intentional and/or involved reckless disregard for human health or safety, were reprehensible, and demonstrated a deliberate indifference to Plaintiff's federally protected rights. Sergeant Wessels's use of force was wrongful and unconstitutional conduct that shocks the conscience and violated Plaintiff's Fourteenth Amendment rights.

128. Sergeant Wessels engaged in the conduct described in this Petition willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights. He did so with shocking and willful indifference to Plaintiff's rights and his conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

129. The acts or omissions of Sergeant Wessels as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

130. The acts or omissions of Sergeant Wessels as described herein were intentional and demonstrated a reckless disregard for and caused a deprivation of Plaintiff's constitutional rights and caused her other damages.

131. As a direct and proximate result of the Sergeant Wessels's unlawful conduct, Plaintiff Khy'La has suffered a violation of her constitutional rights and actual physical and emotional injuries and suffering, including other damages and losses as described herein entitling

her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Sergeant Wessels's unlawful conduct, Plaintiff Khy'La has incurred special damages, including medically related expenses and may incur other special damages related expenses, in amounts to be established at trial.

132. Plaintiff Khy'La is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 as she will incur in this action, pre-judgment interest and costs as allowable by federal law.

133. In addition to compensatory, economic, consequential and special damages, Plaintiff Khy'La is entitled to punitive damages against Sergeant Wessels under 42 U.S.C. § 1983, in that the actions of each of the individual Defendant have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE, Plaintiff Khy'La demands judgment against the Defendant in an amount which will fully and fairly compensate them for her injuries and damages, attorneys' fees, punitive damages, for interest and costs as allowed by law, and for such further relief as is just.

## COUNT III
### NEGLIGENT TRAINING AND SUPERVISION LIABILITY OF DEFENDANT CITY OF DES MOINES

134. Plaintiffs reallege all other paragraphs set forth in this petition as if fully set forth herein.

135. Defendant, the City, failed to train and failed to properly supervise Sergeant Wessels despite their knowledge of his past misconduct that was in violation of 28 U.S.C. § 1983.

136. Defendant, the City, failed to terminate Sergeant Wessels after the incidents in 2013.

137. The City failed to properly train Sergeant Wessels after the incidents in 2013.

138. The City continues to fail its duty to protect the citizens of Des Moines in continuing Sergeant Wessels's employment in light of all of the misconduct that has occurred and the likely risk of future misconduct.

139. Without City's negligent and reckless conduct in failing to train and failure to adequately supervise Sergeant Wessels, Khy'La Williams would not have suffered the assault at the hands of the Des Moines Police Department and would not have been injured as a result.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount which will fully and fairly compensate them for their injuries and damages, attorneys' fees, punitive damages, for interest and costs as allowed by law, and for such further relief as is just.

## COUNT V

### VIOLATION OF THE IOWA CIVIL RIGHTS ACT AGAINST ALL DEFENDANTS DISCRIMINATION IN DENYING SERVICES AND HARASSMENT

140. Plaintiffs reallege all other paragraphs set forth in this petition as if fully set forth herein.

141. Plaintiffs are African Americans protected from discriminatory practices under the Iowa Civil Rights Act, Iowa Code Chapter 216.

142. Plaintiffs sought to enjoy DART's public transportation services but were unable to when they were denied access by both Sergeant Wessels and DART.

143. Plaintiffs sought to enjoy DART's services but were unable to when they were subject to a false allegation of trespass based on their race.

144. DART employees readily believed an unsubstantiated rumor about a group of African American teens while they would not have believed nor acted on a rumor that involved a group of similarly situated white or Caucasian teens.

Case 4:19-cv-00396-JAJ-HCA   Document 1-1   Filed 12/10/19   Page 16 of 18
E-FILED  2019 OCT 29 10:45 AM POLK - CLERK OF DISTRICT COURT

145. DART is a service which is defined by the Iowa Civil Rights Act in part as "…each and every place, establishment, or facility of whatever kind, nature, or class that caters or offers services, facilities, or goods for a fee or charge to nonmembers of any organization or association utilizing the place, establishment, or facility[]"

146. Under Iowa Code Chapter 216.7(1)(a), it is a discriminatory practice for any agent or employee of service "to refuse or deny to any person because of race … the accommodation, advantages, facilities, services, or privileges thereof, or otherwise discriminate against any person because of race … in the furnishing of such accommodations, advantages, facilities, services, or privileges."

147. DART caused Plaintiffs Khy'La and K.W. to be denied the service of public transportation and harassed them based upon race.

148. Additionally, a DART employee harassed K.W. with her race serving as a motivating factor.

149. Defendant DART's conduct constitutes race discrimination and harassment in violation of Iowa Code Chapter 216.7.

150. Sergeant Wessels and the City also caused Plaintiffs Khy'La and K.W. to be denied the service of public transportation.

151. Sergeant Wessels stopped Plaintiffs from going to their bus and after assaulting Khy'La, he arrested both Plaintiffs for merely trying to cross the bus depot to get to their connecting bus.

152. Sergeant Wessels did not target any of the non-black students at the bus stop that day and singled out Plaintiffs in part because of their race.

153. Defendants the City and Sergeant Wessels's conduct constitutes race discrimination and harassment in violation of Iowa Code Chapter 216.7.

154. The Defendants DART and the City are liable under the principals of agency and respondeat superior for the actions of its agent and employee.

155. Defendants' conduct was a proximate cause of damages to Plaintiffs, including but not limited to humiliation, embarrassment, emotional distress, and personal degradation on the basis of race.

156. Defendants' actions also warrant the imposition of specific equitable relief including injunctive relief, requiring specific training to prevent discriminatory practices, and such other and further relief as is necessary to effectuate the purpose of the Iowa Civil Rights Act.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount which will fully and fairly compensate them for their injuries and damages, attorneys' fees, for interest and costs as allowed by law, equitable relief, and for such further relief as is just and consistent with the purposes of Chapter 216.

## COUNT VI
## LIABILITY OF DEFENDANT WESSELS FOR ASSAULT AND BATTERY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY

157. Plaintiff Khy'La realleges all other paragraphs set forth in this petition as if fully set forth herein.

158. Defendant Wessels utilized unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff Khy'La by macing a minor child inches away from her face and after deploying mace, picking up the child and throwing her on the ground.

159. Plaintiff Khy'La did not consent to Defendant Wessels's actions.

160. Defendant Wessels's contact was offensive to any reasonable person and caused physical pain and injury.

161. Defendant Wessels's use of force against Plaintiff Khy'La was clearly excessive and unreasonable under the circumstances, constituting assault and battery.

162. As a direct and proximate result of Defendant Wessels's acts and/or omissions, Plaintiff Khy'La has in the past and will in the future suffer injuries and damages.

163. As a direct and proximate result of Defendant Wessels's illegal and unjustified conduct as referred to herein, Plaintiff Khy'La has suffered in the past and will in the future suffer and incur compensatory damages.

164. Defendant Wessels's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff Khy'La's civil rights, justifying an award of punitive damages.

WHEREFORE, Plaintiff Khy'La prays for judgment against Defendant Wessels for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with her costs, and for such further relief that is just.

## JURY DEMAND

COMES NOW, Khy'La Williams and Kimberly Williams on behalf of her minor child K.W. and hereby demand a jury trial on all issues so triable under federal and Iowa Law.

NEWKIRK ZWAGERMAN, P.L.C.

By */s/ Jill M. Zwagerman*_____
Jill M. Zwagerman AT0000324
Lori Bullock AT0012240
521 E. Locust Street, Suite 300
Des Moines, IA  50309
Telephone:  515-883-2000
Fax:  515-883-2004