## IN THE DISTRICT COURT OF IOWA FOR POLK COUNTY

| | |
|---|---|
| KHY'LA WILLIAMS and KIMBERLY WILLIAMS on behalf of her minor child K.W. | Case No: LACL146180 |
| **Plaintiff,** | |
| vs. | |
| DES MOINES AREA REGIONAL TRANSIT, CITY OF DES MOINES, IOWA, and GREG WESSELS. | **AMENDED PETITION AT LAW AND JURY DEMAND** |
| **Defendants.** | |

COMES NOW, the Plaintiffs Khy'La Williams and Kimberly Williams on behalf of her minor child K.W., by and through the undersigned attorneys, and for their cause of action against Defendants states as follows:

### INTRODUCTION

1.      This is an action challenging Defendants' discriminatory and illegal behavior against Khy'La Williams and Kimberly Williams on behalf of her minor child K.W. under the Constitution of the United States of America, the Constitution of the State of Iowa, and Federal statutory and Iowa common law.

2.      On February 28, 2018, seventeen-year-old Khy'La Williams and fourteen-year-old K.W. were awaiting their Des Moines Area Regional Transit ("DART") bus to transport them home from school when they were abruptly told they had to leave the bus station enclosure and go outside in the cold weather.

3.      Defendant Sergeant Greg Wessels then used his police power to improperly target two minor African American children.

4.      Defendant Wessels sprayed mace directly in Khy'La's face and then proceeded to pick her up and body slam her to the ground. Defendant Wessels arrested both minor children and forced them to spend a night in juvenile detention for simply trying to get to their bus to go home.

5.      Defendant Wessels has a propensity to target African Americans and use excessive force when coming into contact with minority members of the community.

6.      This is a civil action under the U.S. Constitution, the Iowa Constitution, 42 U.S.C. § 1983, the Iowa Civil Rights Act ("ICRA"), the Iowa Municipal Tort Claims Act and Iowa common law.

7.      Plaintiffs seek damages from Defendants DART, City of Des Moines, Iowa and Wessels for depriving Plaintiffs of their rights under the First, Fourth and Fourteenth Amendments to the United States Constitution, Article I, Sections 7, 8 and 9 of the Iowa Constitution and Iowa statutory and common law. Plaintiffs also seek damages for Defendants violations of the ICRA in the form of compensatory damages and attorney fees.  Plaintiffs also seek attorney fees pursuant to 42 U.S.C. § 1988.

## **PARTIES**

8.      Plaintiff Khy'La Williams ("Khy'La") is eighteen years of age, was a minor at the time of the incident and is a resident of Des Moines, Polk County, Iowa.

9.      Plaintiff Kimberly Williams is the guardian of K.W., who was 14 years old at the time of the incident and is a resident of Des Moines, Polk County, Iowa.

10.      Defendant Des Moines Area Regional Transportation (DART) is a tax-supported public transportation provider located in Polk County, Iowa.

11.     Defendant City of Des Moines, Iowa ("City") is a political subdivision of the State of Iowa. The City is a municipal corporation, organized and existing under Iowa law and its principal office is located at 400 East First Street, Des Moines, Polk County, Iowa.

12.     The City is responsible for operating and maintaining the Des Moines Police Department ("DMPD") and operates a police force of which Defendant Wessels is an officer.

13.     Defendant Greg Wessels ("Wessels") is believed to be a resident of the State of Iowa. At all times relevant to the time of the incident Defendant Wessels was an Iowa-certified peace officer, employed by the City of Des Moines.

14.     All Defendant Wessel's acts set forth in this complaint were done under the color of state law and Defendant Wessels is sued in his individual capacity.

15.     At all times referred to herein, except as otherwise indicated in the alternative, the individual Defendant was acting within the scope of his employment or duties as law enforcement officers for the City.

16.     The acts of which Plaintiffs complain occurred in Des Moines, Polk County, Iowa.

## PROCEDURAL REQUIREMENTS

17.     On or about November 27, 2018, Plaintiffs timely filed a complaint of discrimination against Defendants with the Iowa Civil Rights Commission.

18.     On or about September 9, 2012, within 90 days of filing this petition, Plaintiffs received an administrative release ("right-to-sue-letter") from the Iowa Civil Rights Commission regarding their claims against DMPD.

19.     On or about September 17, 2019, within 90 days of filing this petition, Plaintiffs received an administrative release ("right-to-sue-letter") from the Iowa Civil Rights Commission regarding their claims against DART.

# FACTS

## February 2018 Assault and Arrest Incident

20.     On Wednesday, February 28, 2018, Khy'La and K.W. were riding the bus home from school.

21.     Khy'La Williams was seventeen years old at the time.

22.     K.W. was fourteen years old at the time.

23.     Khy'La Williams and K.W. are both African American.

24.     Some students within the Des Moines Public School District are assigned to use DART as their transportation to and from school instead of traditional school bussing.

25.     Des Moines Public School District has a contract with DART to provide bussing to and from Des Moines School in lieu of traditional yellow school buses.

26.     The students who are assigned to ride a DART bus do not have another option for bussing to or from school.  The mandate to provide a free appropriate public education includes providing transportation to and from school

27.     Khy'La Williams and K.W. are students through the Des Moines Public School District who were assigned to use DART.

28.     On the day in question a DART employee heard a rumor that a fight might happen at the DART station downtown on Cherry Street in Des Moines.

29.     On Wednesdays, the schools all let out early and all at the same time.

30.     This results in all of the students being at the DART station at the same time waiting for transfer busses.

31.     Khy'La and K.W. were waiting for their bus at a DART stop along with many other students from school.

32.     Though there were many students waiting for the busses, no students were fighting or behaving in a way that rose to a level of concern.

33.     Nevertheless, upon information and belief, the DART employee called the Des Moines Police Department to come diffuse any potential risk.

34.     Defendant Wessels was at the DART station, in uniform, with his body camera on his person.

35.     DART allowed him to take control over the students and their transportation requirements.

36.     Defendant Wessels and another DART employee (name unknown) began screaming at the students to sit down.

37.     Because there were not enough seats for each student, Defendant Wessels demanded the students sit on the ground.

38.     When it was determined that there was not enough room for all students to sit in the bus station, Defendant Wessels and the DART employee began telling students they needed to go outside and leave, even though the weather was cold and windy.

39.     The students were looking for places to provide shelter for themselves and still attempt to comply with Wessels's orders.

40.     These students were not causing any trouble.

41.     Khy'La Williams and K.W. were in this group of students who were told to leave.

42.     Khy'La tried explaining to Defendant Wessels that she still needed to board her transfer bus from school.

43.     Wessels ignored her explanation and demanded she leave the area.

44.     Wessels offered no alternative for students to get home or to work.

45.     Khy'La and K.W. were faced with the options of missing their transportation or trying to explain to Defendant Wessels how important it was they be allowed to wait for their bus.

46.     Khy'La again explained she could not leave because she needed to be able to board the bus when it arrived.

47.     Defendant Wessels's aggression escalated, and he began physically pushing her away from the busses.

48.     Khy'La told Defendant Wessels to stop touching her.

49.     Khy'La kept trying to get to the location necessary to board her bus.

50.     Wessels kept pushing Khy'La away from the bus boarding location.

51.     Wessels made many rude comments to Khy'La and her peers, including calling her a bitch.

52.     Khy'La's friend, Aaron—an African American male—stepped in trying to explain they were only trying to get to the bus and they did not want any trouble.

53.     Wessels shoved Aaron out of the way.

54.     Khy'La became upset with Wessels and yelled at him.

55.     Defendant Wessels grabbed Khy'La's arm.

56.     Khy'La turned away to protect herself from Wessels's force and aggression.

57.     Wessels responded by stepping on Khy'La's foot.

58.     Wessels launched himself towards Khy'La.

59.     Khy'La stepped out of the way.

60.     Defendant Wessels's anger increased.

61.     Defendant Wessels then pulled out his mace and sprayed mace directly in Khy'La's face from only inches away.

62. The DART employee merely stood by and allowed a student under DART's charge to be assaulted by Defendant Wessels.

63. Khy'La was shocked and started screaming from the horrible pain of the mace being sprayed directly in her eyes.

64. Khy'la was not resisting arrest nor was she making any attempts to escape or even move.

65. She was only trying to protect herself from Defendant Wessels' aggression.

66. Even though Khy'La was a small, seventeen-year-old girl who posed no threat to Wessels or anyone else in the area, Wessels proceeded to pick Khy'La up and threw her to the ground.

67. Once she was on the ground, still in pain from the mace, Defendant Wessels placed Khy'La under arrest.

68. Defendant Wessels's assault resulted in Khy'La suffering eye irritation, bruised ribs, bruised wrists and an abrasion near her eye.

69. K.W. was forced to watch Defendant Wessels's attack her sister Khy'La.

70. K.W. wanted to help her sister but was encouraged not to by Aaron out of fear the same thing would happen to her.  Despite not interfering in the arrest of her sister K.W. was arrested by Defendant Wessel's.

71. Khy'La and K.W. were both arrested for trespassing on DART property—property they not only had a legal right to be on but also were assigned to be on by Des Moines Public Schools.

72. Khy'La and K.W. were unlawfully held in custody at Meyer Hall Juvenile Detention Center from approximately 3:00 pm February 21 to 9:00 a.m. February 22, 2018.

73.     Meyer Hall is required to hold children who are brought in by police until the facility is able to talk to a juvenile court officer to secure release for the child.

74.     Meyer Hall cannot contact the juvenile court officer until they receive a case report from the police officer on the case—here Defendant Wessels, and there are no juvenile court officers available after 11 p.m.

75.     Defendant Wessels and DMPD are well aware of this process for children brought to Meyer Hall and understood that failing to provide a report by 11 p.m. would result in the overnight incarceration of Khy'La and K.W.

76.     Rather than provide the case report promptly, Defendant Wessels deliberately submitted the paperwork to process Khy'La and K.W. at approximately 11:15 p.m.; 15 minutes after the deadline, forcing both girls to stay in Meyer Hall overnight without any legitimate justification.

77.     This is not the first time Defendant Wessels has used excessive force and retaliated against African Americans and women.

78.     Defendant Wessels has been cited for excessive force many times.

79.     In 2013 Defendant Wessels violated the Des Moines Police Department's policy in using deadly force when he shot at a car.

80.     Despite the violation of departmental policy Wessels remained on duty.

81.     In 2018, Des Moines payed $800,000 in a settlement in a 2013 attack involving excessive force and false arrest against a victim who was sticking up for a woman that Defendant Wessels was abusing while on duty.

82.     Once again Defendant Wessels remained on duty.

83.     Upon information and belief, Defendant Wessels has had other multiple reported incidents of police misconduct including excessive force, racial profiling, and false arrest.

84.     Even in light of his previous conduct and actions against Khy'La Williams, Defendant Wessels remains on duty as an active Defendant of the Des Moines Police Department.

**August 2018 Incident on DART Bus**

85.     On or about August 19, 2018, K.W. was sitting on her DART school bus waiting for it to depart.

86.     As she was sitting there, two individuals ran across the platform and came onto the bus.

87.     One person was an African American male and the other person was a Latina woman.

88.     Both individuals were much older than K.W.

89.     A DART employee came onto the bus and yelled at the two older kids.

90.     The DART employee was the same DART employee involved in the events in February 21, 2018.

91.     The DART employee then marched to the back of the bus towards K.W.

92.     The DART employee yelled and berated K.W.

93.     The DART employee screamed at K.W. he was going to kick her off the bus.

94.     The DART employee told K.W. the next time she runs across the platform she is going to have to leave DART.

95.     K.W. was upset because she was on the bus during the incident and the DART employee knew she was not one of the individuals who ran across the platform.

96. The DART employee targeted K.W. because of her race and harassed her based on her race and in retaliation for the incident that occurred a few months prior.

97. DART has a pattern and practice of discriminating against individuals based on race in denying services and in employment matters.

98. There are several instances that Plaintiffs are aware of where African Americans have alleged that they have been discriminated against based on their race by DART.

99. Additionally, Plaintiffs are aware that Africa Americans are targeted and watched when they are inside the DART station where Caucasians are not targeted and watched.

100. At all times during the incidents described above the Defendants were acting under color of state.

## COUNT I
**LIABILITY OF DEFENDANT WESSELS FOR UNREASONABLE SEIZURE – FOURTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 8 OF THE IOWA CONSTITUTION**

101. Plaintiffs reallege all other paragraphs set forth in this petition as if fully set forth herein.

102. Khy'La Williams and K.W. were on DART's property to use a service assigned to them by the Des Moines Public School district with the permission of DART.

103. When Khy'La Williams attempted to explain that invitation, Defendant Wessels ignored it and assaulted her.

104. When Khy'La Williams tried to leave the area to board her school bus Defendant Wessels arrested her for trespassing.

105. K.W.'s right to be on DART's property mirrors Khy'La's right.

106. Wessels knew or should have known Plaintiffs had a right to be on that property.

107.    Wessels arrested Khy'La Williams and K.W. without probable cause or reasonable basis to believe that either were trespassing.

108.    Khy'La Williams and K.W. have clearly established a right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizure of their persons.

109.    Defendant Wessels willfully and unlawfully and under color of legal authority, illegally arrested and permitted the illegal and false arrest and detention of Plaintiffs Khy'La Williams and K.W.

110.    As a result of the arrest without probable cause, Defendant Wessels caused Plaintiffs grievous personal injury, loss of freedom, physical and mental pain and loss of companionship. Plaintiffs are therefore entitled to monetary relief.

111.    Because Defendant Wessels's actions were deliberate, reckless and/or wanton, plaintiffs are entitled to punitive damages.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount which will fully and fairly compensate them for their injuries and damages, attorneys' fees, punitive damages, for interest and costs as allowed by law, and for such further relief as is just.

## COUNT II
### LIABILITY OF DEFENDANS WESSELS AND CITY OF DES MOINES FOR EXCESSIVE FORCE – FOURTH AMENDMENT TO THE U.S. CONSTITUTION AND ARTICLE 1, SECTION 8 OF THE IOWA CONSTITUTION

112.    Plaintiff Khy'La realleges all other paragraphs set forth in this petition as if fully set forth herein.

113.    Defendant Wessels shoved Khy'La Williams.

114.    Defendant Wessels stepped on Khy'La Williams' foot.

115.    Defendant Wessels grabbed forcefully Khy'La Williams' arms.

11

116.     Defendant Wessels sprayed mace in Khy'La Williams' eyes.

117.     Defendant Wessels forcefully threw Khy'La Williams to the ground.

118.     Defendant Wessels heard Khy'La Williams scream and observed her hunched over.

119.     Khy'La Williams was making no attempt to leave or escape when Wessels grabbed her, maced her and threw her to the ground.

120.     Khy'La Williams was not in any way resisting arrest.

121.     The conduct alleged in this Complaint violated clearly established federal and state protected rights of which every reasonably competent official in Defendants' respective positions would have or should have been aware. As to Defendants' actions and omissions toward Plaintiff Khy'La, there was no objectively reasonable reliance on existing law.

122.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation,
> custom or usage of any state or territory or the District of Columbia
> subjects or causes to be subjected any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges or immunities secured by the constitution and law
> shall be liable to the party injured in an action at law, suit in equity,
> or other appropriate proceeding for redress . .

123.      Plaintiff Khy'La is a citizen of the United States and Defendant Wessels to this claim is a person for purposes of 42 U.S.C. § 1983.

124.     Defendant Wessels, at all times relevant hereto, was acting under the color of state law in his capacity as City of Des Moines police officer.

125.    At the time of the complained of events, Plaintiff Khy'La had a clearly established Constitutional right under the Fourth Amendment and Article 1, Section 8 to be secure in her person from excessive force.

126.    Plaintiff Khy'La also had the clearly established Constitutional right to bodily integrity and to be free from excessive force by law enforcement.

127.    Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

128.    Defendant Wessels is not entitled to qualified immunity for the complained of conduct.

129.    Defendant Wessels at all times relevant to this claim was acting pursuant to Defendant City of Des Moines police department custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in his actions pertaining to Plaintiff Khy'La.

130.    Defendant City of Des Moines failed to train and failed to properly supervise Wessels despite their knowledge of his past misconduct that was in violation of 28 U.S.C. § 1983.

131.    Defendant, the City, failed to terminate Wessels after the incidents in 2013.

132.    The Defendant City failed to properly train Wessels after the incidents in 2013.

133.    The Defendant City continues to fail its duty to protect the citizens of Des Moines in continuing Wessels's employment in light of all of the misconduct that has occurred and the likely risk of future misconduct.

134.    Without City's negligent and reckless conduct in failing to train and failure to adequately supervise Defendant Wessels, Khy'La Williams would not have suffered the assault at the hands of the Des Moines Police Department and would not have been injured as a result.

135.    Wessels's actions and use of force, as described herein, were objectively unreasonable and violated Plaintiff's Fourth Amendment and Article 1, Section 8 Constitutional rights.

136.    Wessels engaged in actions and use of force, as described herein, were intentional and/or involved reckless disregard for human health or safety, were reprehensible and violated Plaintiff's Constitutional rights.

137.    Wessels engaged in the conduct described in this Petition willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's protected constitutional rights.

138.    The acts or omissions of Wessels as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

139.    The acts or omissions of Wessels as described herein were intentional and demonstrated a reckless disregard for and caused a deprivation of Plaintiff's constitutional rights and caused her other damages.

140.    As a direct and proximate result of the Wessels's unlawful conduct, Plaintiff Khy'La has suffered a violation of her constitutional rights and actual physical and emotional injuries and suffering, including other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Wessels's unlawful conduct, Plaintiff Khy'La has incurred special damages, including medically related expenses and may incur other special damages related expenses, in amounts to be established at trial.

141.    Plaintiff Khy'La is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988 as she will incur in this action, pre-judgment interest and costs as allowable by federal law.

142.     In addition to compensatory, economic, consequential and special damages, Plaintiff Khy'La is entitled to punitive damages against Wessels under 42 U.S.C. § 1983, in that the actions of each of the individual Defendant have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

WHEREFORE, Plaintiff Khy'La demands judgment against Defendants Wessels and City of Des Moines in an amount which will fully and fairly compensate her for her injuries and damages, attorneys' fees, punitive damages, for interest and costs as allowed by law, and for such further relief as is just.

## COUNT III

### VIOLATION OF THE IOWA CIVIL RIGHTS ACT AGAINST ALL DEFENDANTS DISCRIMINATION IN DENYING SERVICES AND HARASSMENT

143.     Plaintiffs reallege all other paragraphs set forth in this petition as if fully set forth herein.

144.     Plaintiffs are African Americans protected from discriminatory practices under the Iowa Civil Rights Act, Iowa Code Chapter 216.

145.     Plaintiffs sought to enjoy DART's public transportation services but were unable to when they were denied access by both Defendant Wessels and DART.

146.     Plaintiffs sought to enjoy DART's services but were unable to when they were subject to a false allegation of trespass based on their race.

147.     DART employees readily believed an unsubstantiated rumor about a group of African American teens while they would not have believed nor acted on a rumor that involved a group of similarly situated white or Caucasian teens.

148.     DART is a service which is defined by the Iowa Civil Rights Act in part as "…each and every place, establishment, or facility of whatever kind, nature, or class that caters or offers

services, facilities, or goods for a fee or charge to nonmembers of any organization or association utilizing the place, establishment, or facility[]"

149.     Under Iowa Code Chapter 216.7(1)(a), it is a discriminatory practice for any agent or employee of service "to refuse or deny to any person because of race … the accommodation, advantages, facilities, services, or privileges thereof, or otherwise discriminate against any person because of race … in the furnishing of such accommodations, advantages, facilities, services, or privileges."

150.     DART caused Plaintiffs Khy'La and K.W. to be denied the service of public transportation and harassed them based upon race.

151.     Additionally, a DART employee harassed K.W. with her race serving as a motivating factor.

152.     Defendant DART's conduct constitutes race discrimination and harassment in violation of Iowa Code Chapter 216.7.

153.     Defendant Wessels and the City also caused Plaintiffs Khy'La and K.W. to be denied the service of public transportation.

154.     Defendant Wessels stopped Plaintiffs from going to their bus and after assaulting Khy'La, he arrested both Plaintiffs for merely trying to cross the bus depot to get to their connecting bus.

155.     Defendant Wessels did not target any of the non-black students at the bus stop that day and singled out Plaintiffs in part because of their race.

156.     Defendants the City and Defendant Wessels's conduct constitutes race discrimination and harassment in violation of Iowa Code Chapter 216.7.

157.    The Defendants DART and the City are liable under the principals of agency and respondeat superior for the actions of its agent and employee.

158.    Defendants' conduct was a proximate cause of damages to Plaintiffs, including but not limited to humiliation, embarrassment, emotional distress, and personal degradation on the basis of race.

159.    Defendants' actions also warrant the imposition of specific equitable relief including injunctive relief, requiring specific training to prevent discriminatory practices, and such other and further relief as is necessary to effectuate the purpose of the Iowa Civil Rights Act.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount which will fully and fairly compensate them for their injuries and damages, attorneys' fees, for interest and costs as allowed by law, equitable relief, and for such further relief as is just and consistent with the purposes of Chapter 216.

<u>COUNT IV</u>
**LIABILITY OF DEFENDANT WESSELS FOR ASSAULT AND BATTERY, IN HIS INDIVIDUAL CAPACITY**

160.    Plaintiff Khy'La realleges all other paragraphs set forth in this petition as if fully set forth herein.

161.    In the alternative, Defendant Wessels, acting outside the scope of his authority as a police officer for the City of Des Moines, utilized unnecessary and excessive force while attempting to detain, arrest, and/or restrain the freedom of Plaintiff Khy'La by macing a minor child inches away from her face and after deploying mace, picking up the child and throwing her on the ground.

162.    Plaintiff Khy'La did not consent to Defendant Wessels's actions.

163.   Defendant Wessels's contact was offensive to any reasonable person and caused physical pain and injury.

164.   Defendant Wessels's use of force against Plaintiff Khy'La was clearly excessive and unreasonable under the circumstances, constituting assault and battery.

165.   As a direct and proximate result of Defendant Wessels's acts and/or omissions, Plaintiff Khy'La has in the past and will in the future suffer injuries and damages.

166.   As a direct and proximate result of Defendant Wessels's illegal and unjustified conduct as referred to herein, Plaintiff Khy'La has suffered in the past and will in the future suffer and incur compensatory damages.

167.   Defendant Wessels's actions were willful, wanton, unlawful, and in gross disregard of Plaintiff Khy'La's civil rights, justifying an award of punitive damages.

WHEREFORE, Plaintiff Khy'La prays for judgment against Defendant Wessels for actual damages in an amount that is fair and just, for punitive damages and for attorney's fees, together with her costs, and for such further relief that is just.

## JURY DEMAND

COMES NOW, Khy'La Williams and Kimberly Williams on behalf of her minor child K.W. and hereby demand a jury trial on all issues so triable under federal and Iowa Law.

NEWKIRK ZWAGERMAN, P.L.C.

By */ s/ Jill M. Zwagerman*_____
Jill M. Zwagerman AT0000324
jzwagerman@newkirklaw.com
Lori Bullock AT0012240
lbullock@newkirklaw.com
521 E. Locust Street, Suite 300
Des Moines, IA  50309
Telephone:  515-883-2000

Fax:  515-883-2004

DAVE O'BRIEN LAW, P.C.

By  _/s/ Dave O'Brien_____
David A. O'Brien AT0005870
1500 Center Street NE
Cedar Rapids, Iowa 52402
Telephone: (319) 861-3001
Fax: (319) 861-3007
Email: dave@daveobrienlaw.com